**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**TERRY STANCIL** :
:
***Plaintiff,*** :
:
**v.** : **CIVIL ACTION NO.** CA 07 153 ML
:
**WOLVERINE JOINING TECHNOLOGIES** :
**LLC, a/k/a WJT, LLC, WOLVERINE JOINING:**
**TECHNOLOGIES INC., and KEVIN QUINN,** :
**Alias, Individually and in his capacity as** :
**Manager** :
:
***Defendants.*** :

**NOTICE AND PETITION OF REMOVAL**

COME NOW Defendants Wolverine Joining Technologies LLC, a/k/a WJT, LLC, and Wolverine Joining Technologies Inc.,[1] (hereinafter collectively referred to as "Defendant Wolverine"), by and through undersigned counsel, and hereby petition for removal of this action. Defendant Wolverine states the following in support of its Notice and Petition of Removal:

1. Defendant Wolverine desires to exercise its rights pursuant to 28 U.S.C. § 1441 *et. seq.* to remove this action from the Rhode Island Superior Court, Judicial District of Providence County, where it is now pending, to the United States District Court for the District of Rhode Island.

2. On April 12, 2007, Plaintiff Terry Stancil commenced an action against Wolverine Joining Technologies LLC, a/k/a WJT, LLC, Wolverine Joining Technologies Inc., and Kevin Quinn, Alias, Individually and in his capacity as Manager entitled *Terry Stancil v.*

[1] As is a matter of public record, Wolverine Joining Technologies, Inc. was acquired by merger by Wolverine Joining Technologies, LLC effective January 28, 2003.

*Wolverine Joining Technologies LLC, a/k/a WJT, LLC, Wolverine Joining Technologies Inc., and Kevin Quinn, Alias, Individually and in his capacity as Manager*, Case No. PC2007-1822, in the State of Rhode Island Superior Court, Judicial District of Providence County. In her Complaint, Plaintiff asserts claims allegedly arising out of her employment with Defendant Wolverine.

3. Defendant Wolverine was served with a copy of the Summons and Complaint on April 12, 2007, through its registered agent. Defendant Kevin Quinn, a Massachusetts resident, has not yet been served with a copy of the Summons and Complaint.

4. In her Complaint, Plaintiff asserts a claim for "loss of retirement pay, retirement savings, and profit sharing" which are benefits governed by the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. §§ 1001 *et seq.*

5. Based upon the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and this action is now one that may be removed to this Court by the Petitioner, Defendant Wolverine, pursuant to the provisions of 28 U.S.C. § 1441 *et seq.*, in that it is a civil action arising under the laws of the United States (*i.e.,* 29 U.S.C. § 1132(a)(1)(B)).

6. This Notice and Petition of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after Defendant Wolverine first ascertained that the action became removable, that is, after Plaintiff served her Summons and Complaint upon Defendant Wolverine on April 12, 2007.

7. For the foregoing reasons and premises, Defendant Wolverine desires and is entitled to have this cause removed from the Rhode Island Superior Court, Judicial District of Providence County, where it is now pending, to the United States District Court for the District of Rhode Island, such being the federal district where said suit is pending.

8. Pursuant to 28 U.S.C. § 1446(a), Defendant Wolverine attaches herewith and incorporate by reference copies of the following documents served upon Defendant Wolverine in this action:

a. Copy of Summons and Complaint filed in the State of Rhode Island Superior Court, and served upon Defendant Wolverine, marked as Exhibit "1";

9. Notice and Petition of Removal has been served upon Plaintiff by mail and a Notice of Filing Notice and Petition of Removal is being promptly filed with the Clerk of the Court for the State of Rhode Island, pursuant to 28 U.S.C. § 1446(d).

10. By filing this Notice and Petition of Removal, Defendant Wolverine has not and does not waive any defenses it might assert or its right to bring any application anywhere in relation to this litigation or its subject matter.

WHEREFORE, Defendant Wolverine prays that this action be removed to this Court and this Court accept jurisdiction of this action in its entirety and henceforth that this action be placed on the docket of the Court for further proceedings, the same as though this action originally had been instituted in this Court.

Respectfully submitted this 2nd day of May, 2007.

**Hinckley Allen & Snyder LLP**
Joseph D. Whelan, Esq.
Rhode Island Bar No. 5694
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903-2319
(401) 274-2000
(401) 277-9600 (facsimile)
E-mail: jwhelen@haslaw.com

-and-

**MARTENSON, HASBROUCK & SIMON LLP**
Patricia E. Simon, Esq.
Georgia Bar No. 618233
Suzanne E. Deddish, Esq.
Georgia Bar No. 215645
3379 Peachtree Road, N.E.
Suite 400
Atlanta, Georgia 30326
(404)-909-8100
(404)-909-8120 (facsimile)
E-mails: pesimon@martensonlaw.com
sededdish@martensonlaw.com

***Attorneys for Defendants Wolverine Joining Technologies LLC a/k/a WJT, LLC, and Wolverine Joining Technologies, Inc.***

## CERTIFICATION OF SERVICE

I hereby certify that a true and correct copy of the foregoing document entitled **NOTICE AND PETITION OF REMOVAL** has been placed in the United States mail, sufficient first class postage prepaid and affixed thereto and addressed as follows:

Bruce P. Gladstein, Esq.
750 East Avenue
Pawtucket, RI 02860

This 2nd day of May, 2007.

Cynthia Lomas

799997