STATE OF RHODE ISLAND SUPERIOR COURT
PROVIDENCE, SC.

TERRY STANCIL :
*Plaintiff* :
:
v. : C.A. NO.: 07-
:
WOLVERINE JOINING TECHNOLOGIES LLC, :
a/k/a WJT, LLC WOLVERINE JOINING :
TECHNOLOGIES INC., and KEVIN QUINN, :
Alias, Individually and in his capacity as Manager:
*Defendants*

**VERIFIED COMPLAINT**

**FACTUAL BACKGROUND**

1.Plaintiff, TERRY STANCIL ("Stancil"), is a resident of the City of Pawtucket County of Providence, State of Rhode Island.

2.Defendant, WOLVERINE JOINING TECHNOLOGIES aka WJT, LLC., WOLVERINE JOINING TECHNOLOGIES INC. ("Wolverine"), is a corporation authorized to do business in the City of Warwick in the State of Rhode Island.

3.Defendant, KEVIN QUINN, Alias ("Quinn"), is a former Operations Manager for Wolverine.

4.Stancil is a Female and therefore part of a protected class.

5.On or about December 1, 2001, Stancil was hired by Wolverine as Human Resources Administrator.

6.Quinn began asking Stancil personal things about her where she lived, in and effort to get him to stop asking questions regarding her personal life, Stancil reluctantly disclosed that she had been the victim of a stalking crime and a death threat.

7.Quinn continued to ask and offer unsolicited comments about Stancil personal life.

8.Stancil reported Quinn's behavior toward her to her supervisors Dave Jordan and Tim Mallon.

9.In the winter of 2002-2003, Quinn remarked to Stancil that there were written comments on the Men's bathroom wall about her.

10.Quinn stated to Stancil that it was "nothing bad".

25.Stancil was terminated on May 27, 2005.

26.On or about June 1 2005, Stancil contacted Rhode Island Human Rights Commission and subsequently file discrimination charges.

27.Stancil has complied with administrative requirements and was issued a Notice of Right to Sue dated February 13, 2007, and has timely commenced suit thereon.

28.The monetary amount claimed for damages are sufficient to establish jurisdiction with this Honorable Court.

**COUNT I**
**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT**

29.Paragraphs 1 through 28 are hereby incorporated by reference as if fully set forth herein.

30.Upon information and belief, Wolverine and Quinn, are subject to the requirements contained within the meaning of R.I.G.L. 28-5-6(6)(I) of the Rhode Island Fair Employment Practices Act.

31.The actions of Wolverine and Quinn, individually and collectively as aforesaid, constitute discrimination against Stancil in employment on the basis of sex in violation of Rhode Island Fair Employment Practices Act of the State of Rhode Island, R.I.G L. 28-5-7, *et. seq.*

32.That Stancil is entitled to punitive damages and reasonable attorney's fees as per the statute.

**COUNT II**
**RHODE ISLAND CIVIL RIGHTS ACT**

33.Paragraphs 29 through 32 are hereby incorporated by reference as if fully set forth herein.

34.Upon information and belief, Wolverine and Quinn are subject to the requirements contained within the Rhode Island Civil Rights Act, R.I.G.L. 42-112-1, *et. seq.*

35.The actions of Wolverine and Quinn, individually and collectively as aforesaid, have denied Stancil the same rights to make and enforce contracts on the basis of her sex within the meaning of and in violation of the Rhode Island Civil Rights Act, R.I.G.L. 42-112-1, *et. seq.*

36.That Stancil is entitled to punitive damages and reasonable attorney's fees as per the statute.

**COUNT III**
**VICARIOUS LIABILITY/ RESPONDENT SUPERIOR**

37.Paragraphs 33 through 36 are hereby incorporated by reference as if fully set forth herein.

38.During the aforementioned dates, Quinn, was an employee of Wolverine

39.Quinn, was an employee of Wolverine and therefore Wolverine is responsible for his actions on the principle of vicarious liability and respondent superior.

40.The actions and statements of Quinn were malicious and therefore punitive damages are warranted.

**COUNT IV**
**NEGLIGENCE**

41.Paragraphs 37 through 40 are hereby incorporated by reference as if fully set forth herein.

42.Quinn was an Operations Manager at Wolverine.

43.Proper procedures were either not in place or not followed by Wolverine to prevent abusive treatment.

44.Proper procedures were either not in place or not followed by Wolverine in regards to harassment.

45.Said procedure not being in place or not being followed amounts to negligence on the part of Wolverine.

46.Stancil was damaged due to said negligence.

**COUNT V**
**INFLICTION OF EMOTIONAL DISTRESS**

47.Paragraphs 41 through 46 are hereby incorporated by reference as if fully set forth herein.

48.Because of the wrongful acts of each Defendant, individually and together, as described previously, which are incorporated by reference, Plaintiff suffered humiliation, mental anguish, and emotional and physical distress.

49.Such actions and statements were made with knowledge that Plaintiff would become emotionally and physically distressed and with the intent to harass, disturb and annoy

Plaintiff.

50.Such actions and statements were made with a wanton and reckless disregard of the consequences to Plaintiff.

51.As a proximate result of said actions and statements, Plaintiff suffered humiliation, mental anguish, and emotional and physical distress.

52.Said statements and described acts were performed willfully, wantonly, maliciously, and aggressively, and therefore punitive damages are justified.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Declare that the Defendants unlawfully discriminated against Plaintiff on the basis of her sex in violation of R.I.G.L. 28-5-7, et seq. and R.I.G.L. 42-112-1, et seq.;

b. Rule for Plaintiff and against Defendants as to all other counts set forth in this Verified Complaint;

c. Order that Defendants pay Plaintiff her lost wages, including incremental increases and fringe benefits, that Plaintiff would have received had she been continuously employed as a Human Resources Supervisor from May 27, 2005, including loss of retirement pay, retirement savings, and profit sharing, she suffered as a result of discrimination;

Award Plaintiff compensatory damages as allowed by law and statute;

Award Plaintiff punitive damages as allowed by law and statute;

Award Plaintiff reasonable attorneys' fees as allowed by law and statute;

Award Plaintiff costs of suit as allowed by law and statute; and

Award such other and further relief as this Honorable Court deems necessary and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

BRUCE P. GLADSTEIN, ESQ. (#5272)
750 EAST AVENUE
PAWTUCKET, RI 02860
(401) 722-9900 telephone
(401) 722-9919 fax

**VERIFICATION**

I, Terry Stancil, being duly sworn, depose and state that I have read the within Verified Complaint and believe the allegations stated therein to be true and correct to the best of my knowledge and belief.

Terry J. Stancil
TERRY STANCIL

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn to before me in Pawtucket, this 29 day of March, 2007.

Deborah Ann Bradford
NOTARY PUBLIC
My Commission Expires: 2-11-09

Date Complaint Filed with Clerk: ____________________

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[x] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION FILE No.07-

TERRY STANCIL
Plaintiff

WOLVERINE JOINING TECHNOLOGIES LLC a/k/a WJT, WOLVERINE JOINING TECHNOLOGIES INC.; and KEVIN QUINN, Alias Individually and in his capaicty as Manager
Defendant

***Summons***

*To the above-named Defendant.*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Bruce P. Gladstein Esq. Plaintiff's attorney, whose address is 750 East Aveneue Pawtucket RI 02860 (401) 722-9900 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

Wolverine Technologies CLERK

Dated:

(Seal of the Superior Court)

A true copy attest

#070

Date 4/18/07

S- 135 (REV 10/00)