UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TERRY STANCIL<br><br>*Plaintiff,*<br><br>v.<br><br>WOLVERINE JOINING TECHNOLOGIES LLC, a/k/a WJT, LLC WOLVERINE JOINING TECHNOLOGIES INC., and KEVIN QUINN, Alias, Individually and in his capacity as Manager<br><br>*Defendants.* | : | C.A. No. 07-153 ML |

**DEFENDANTS WOLVERINE JOINING TECHNOLOGIES LLC, A/K/A WJT, LLC AND WOLVERINE JOINING TECHNOLOGIES INC.S' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT**

Defendants Wolverine Joining Technologies LLC, a/k/a WJT, LLC and Wolverine Joining Technologies Inc.[1] (hereinafter collectively "Defendant Wolverine" or "Defendant WJT") responds to Plaintiff's Verified Complaint (hereinafter "Complaint") and states as follows:

## FACTUAL BACKGROUND

1. Defendant Wolverine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint and therefore denies each and every allegation contained therein.

2. Defendant Wolverine admits that Wolverine Joining Technologies, LLC is a corporation authorized to do business in the City of Warwick in the State of Rhode Island.

[1] As is a matter of public record, Wolverine Joining Technologies, Inc. was acquired by merger by Wolverine Joining Technologies, LLC effective January 28, 2003.

Except as so expressly admitted herein, Defendant Wolverine denies each and every remaining allegation contained in paragraph 2 of Plaintiff's Complaint.

3. Defendant Wolverine admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Defendant Wolverine admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendant Wolverine admits that Plaintiff was hired by Defendant Wolverine as a Human Resources Administrator on or about December 19, 2001. Except as so expressly admitted herein, Defendant Wolverine denies each and every remaining allegation contained in paragraph 5 of Plaintiff's Complaint.

6. Defendant Wolverine admits that Plaintiff told Mr. Quinn that she had allegedly been stalked and threatened. Except as so expressly admitted herein, Defendant Wolverine denies each and every remaining allegation contained in paragraph 6 of Plaintiff's Complaint.

7. Defendant Wolverine denies each and every allegation contained in paragraph 7 of Plaintiff's Complaint.

8. Defendant Wolverine denies each and every allegation contained in Paragraph 8 of Plaintiff's Complaint, as pled.

9. Defendant Wolverine admits that in mid to late December 2002, Mr. Quinn informed Plaintiff that a comment referring to her had been written on the men's bathroom wall. Except as so expressly admitted herein, Defendant Wolverine denies each and every remaining allegation contained in paragraph 9 of Plaintiff's Complaint.

10. Defendant Wolverine denies each and every allegation contained in paragraph 10 of Plaintiff's Complaint.

11. Defendant Wolverine admits the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendant Wolverine denies each and every allegation contained in Paragraph 12 of Plaintiff's Complaint, as pled.

13. Defendant Wolverine admits Defendant Wolverine promptly repainted the bathroom wall. Except as so expressly admitted herein, Defendant Wolverine denies each and every remaining allegation contained in paragraph 13 of Plaintiff's Complaint.

14. Defendant Wolverine denies each and every allegation contained in paragraph 14 of Plaintiff's Complaint.

15. Defendant Wolverine denies each and every allegation contained in paragraph 15 of Plaintiff's Complaint.

16. Defendant Wolverine admits that in December of 2003, Plaintiff told Mr. Jordan that Mr. Quinn had purportedly yelled at her. Except as so expressly admitted herein, Defendant Wolverine denies each and every remaining allegation contained in paragraph 16 of Plaintiff's Complaint.

17. Defendant Wolverine admits that Mr. Quinn and Mr. Jordan met thereafter and that Ms. Stancil was discussed during the course of the meeting. Except as so expressly admitted herein, Defendant Wolverine denies each and every remaining allegation contained in paragraph 17 of Plaintiff's Complaint.

18. Defendant Wolverine admits that Mr. Quinn recommended that Ms. Stancil be terminated for performance issues and that the decision was made not to do so, at that time. Except as so expressly admitted herein, Defendant Wolverine denies each and every remaining allegation contained in paragraph 18 of Plaintiff's Complaint.

19. Defendant Wolverine denies each and every allegation contained in paragraph 19 of Plaintiff's Complaint.

20. Defendant Wolverine denies each and every allegation contained in paragraph 20 of Plaintiff's Complaint.

21. Defendant Wolverine admits that Plaintiff applied for a Human Resources position at the Company's headquarters in Alabama. Except as so expressly admitted herein, Defendant Wolverine denies each and every remaining allegation contained in paragraph 21 of Plaintiff's Complaint.

22. Defendant Wolverine admits the allegation contained in paragraph 22 of Plaintiff's Complaint.

23. Defendant Wolverine denies each and every allegation contained in paragraph 23 of Plaintiff's Complaint.

24. Defendant Wolverine admits that on or about November 30, 2004, Plaintiff commenced a period of leave from work. Except as so expressly admitted herein, Defendant Wolverine denies each and every remaining allegation contained in paragraph 24 of Plaintiff's Complaint.

25. Defendant Wolverine admits the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendant Wolverine admits that Plaintiff filed a charge of discrimination with the Rhode Island Commission for Human Rights (hereinafter "RICHR") on or about July 12, 2005. Defendant Wolverine denies that Plaintiff's RICHR charge has any merit, and denies the remaining allegations contained in paragraph 26 of Plaintiff's Complaint, as pled.

27. Defendant Wolverine admits that on February 8, 2007, the RICHR issued a Notice of Right to Sue for RICHR No. 06ESH010 upon Plaintiff's request. Except as so expressly admitted herein, Defendant Wolverine denies each and every remaining allegation contained in paragraph 27 of Plaintiff's Complaint.

28. Defendant Wolverine is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Complaint and therefore denies each and every allegation contained therein.

**COUNT I**
**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT**

29. Defendant Wolverine re-alleges and incorporates the answers to paragraphs 1 through 28 of Plaintiff's Complaint as if fully set forth herein.

30. Defendant Wolverine denies each and every allegation contained in paragraph 30 of Plaintiff's Complaint.

31. Defendant Wolverine denies each and every allegation contained in paragraph 31 of Plaintiff's Complaint.

32. Defendant Wolverine denies each and every allegation contained in paragraph 32 of Plaintiff's Complaint.

**COUNT II**
**RHODE ISLAND CIVIL RIGHTS ACT**

33. Defendant Wolverine re-alleges and incorporates the answers to paragraphs 29 through 32 of Plaintiff's Complaint as if fully set forth herein.

34. Defendant Wolverine admits that it is subject to the Rhode Island Civil Rights Act, R.I.G.L. 42-112-1, *et. seq.* Except as so expressly admitted herein, Defendant Wolverine denies each and every remaining allegation contained in paragraph 34 of Plaintiff's Complaint.

35. Defendant Wolverine denies each and every allegation contained in paragraph 35 of Plaintiff's Complaint.

36. Defendant Wolverine denies each and every allegation contained in paragraph 36 of Plaintiff's Complaint.

**COUNT III**
**VICARIOUS LIABILITY/RESPONDENT [*sic*] SUPERIOR**

37. Defendant Wolverine re-alleges and incorporates the answers to paragraphs 33 through 36 of Plaintiff's Complaint as if fully set forth herein.

38. Defendant Wolverine admits that Mr. Quinn was employed by Defendant Wolverine from approximately October 1981 through mid-December 2004. Except as so expressly admitted herein, Defendant Wolverine denies each and every remaining allegation contained in paragraph 38 of Plaintiff's Complaint.

39. Defendant Wolverine admits that Mr. Quinn was employed by Defendant Wolverine. Except as so expressly admitted herein, Defendant Wolverine denies each and every remaining allegation contained in paragraph 39 of Plaintiff's Complaint.

40. Defendant Wolverine denies each and every allegation contained in paragraph 40 of Plaintiff's Complaint.

**COUNT IV**
**NEGLIGENCE**

41. Defendant Wolverine re-alleges and incorporates the answers to paragraphs 37 through 40 of Plaintiff's Complaint as if fully set forth herein.

42. Defendant Wolverine admits the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Defendant Wolverine denies each and every allegation contained in paragraph 43 of Plaintiff's Complaint.

44. Defendant Wolverine denies each and every allegation contained in paragraph 44 of Plaintiff's Complaint.

45. Defendant Wolverine denies each and every allegation contained in paragraph 45 of Plaintiff's Complaint.

46. Defendant Wolverine denies each and every allegation contained in paragraph 46 of Plaintiff's Complaint.

**COUNT V**
**INFLICTION OF EMOTIONAL DISTRESS**

47. Defendant Wolverine re-alleges and incorporates the answers to paragraphs 41 through 46 of Plaintiff's Complaint as if fully set forth herein.

48. Defendant Wolverine denies each and every allegation contained in paragraph 48 of Plaintiff's Complaint.

49. Defendant Wolverine denies each and every allegation contained in paragraph 49 of Plaintiff's Complaint.

50. Defendant Wolverine denies each and every allegation contained in paragraph 50 of Plaintiff's Complaint.

51. Defendant Wolverine denies each and every allegation contained in paragraph 51 of Plaintiff's Complaint.

52. Defendant Wolverine denies each and every allegation contained in paragraph 52 of Plaintiff's Complaint.

Specifically responding to the "WHEREFORE" paragraph of Plaintiff's Complaint, no response is necessary. However, to the extent a response is necessary, Defendant Wolverine

specifically denies that Plaintiff is entitled to any relief from Defendant Wolverine, including but not limited to, that specific relief requested in Plaintiff's Complaint.

**FIRST DEFENSE**

Plaintiff's Complaint, and each cause of action therein, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's Complaint, and each cause of action therein, is barred, in whole or in part, by the applicable statutes of limitations.

**THIRD DEFENSE**

Plaintiff was at all times an at-will employee.

**FOURTH DEFENSE**

Plaintiff's Complaint, and each cause of action set forth therein, fails to state a claim for punitive damages.

**FIFTH DEFENSE**

All actions taken by Defendant Wolverine with respect to Plaintiff were taken in good faith and for legitimate, non-discriminatory reasons.

**SIXTH DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted because some or all of the damages claimed by Plaintiff were brought about by reason of Plaintiff's own acts, actions or negligence.

**SEVENTH DEFENSE**

Any alleged unlawful conduct of Quinn cannot be imputed to Wolverine because it was committed outside the course and scope of his duties and was not the type of conduct for which he was expressly or implicitly employed.

**EIGHTH DEFENSE**

Plaintiff's Complaint is barred, in whole or in part, by the exclusivity of remedies provision of the state workers' compensation laws.

**NINTH DEFENSE**

Assuming, *arguendo*, that Plaintiff has stated a case of hostile work environment harassment, Defendant Wolverine exercised reasonable care to prevent and correct promptly any alleged harassing behavior, and Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities offered by Defendant Wolverine or to avoid harm otherwise.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of laches, unclean hands, estoppel, waiver, avoidable consequences and/or after-acquired evidence.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of election of remedies.

**TWELFTH DEFENSE**

Plaintiff's Complaint must be dismissed to the extent that Plaintiff has failed to fully exhaust her administrative remedies.

**THIRTEENTH DEFENSE**

Plaintiff's Complaint, and each cause of action set forth therein, is barred, in whole or in part, due to Plaintiff's failure to mitigate any alleged damages. In the alternative, to the extent Plaintiff has mitigated any alleged damages, Defendant Wolverine is entitled to a set-off for any interim earnings, benefits or other income.

Defendant Wolverine reserves the right to supplement its defenses based upon information obtained through discovery.

WHEREFORE, having fully answered the Complaint, Defendant Wolverine prays that Plaintiff's Complaint be dismissed in its entirety with prejudice, that judgment be entered in favor of Defendant Wolverine, that costs, including attorneys' fees, be awarded to Defendant Wolverine, and that such other and further relief as the Court deems just and proper be granted to Defendant Wolverine.

Respectfully submitted this 8th day of May, 2007.

Wolverine Joining Technologies LLC, a/k/a WJT, LLC and WOLVERINE JOINING TECHNOLOGIES INC.

By their Attorneys,

_/s/ Joseph D. Whelan_____________
Joseph D. Whelan (#5694)
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903-2319
(401) 274-2000
(401) 277-9600 (facsimile)
jwhelan@haslaw.com

- and -

**MARTENSON, HASBROUCK & SIMON LLP**
Patricia E. Simon, Esq.
Georgia Bar No. 618233
Suzanne E. Deddish, Esq.
Georgia Bar No. 215645
3379 Peachtree Road, N.E., Suite 400
Atlanta, Georgia 30326
(404) 909-8100
(404) 909-8120 (facsimile)

## CERTIFICATION OF SERVICE

**To:**

Bruce P. Gladstein, Esq.
750 East Avenue
Pawtucket, RI 02860

I hereby certify that on May 8, 2007, a copy of the foregoing Defendants Wolverine Joining Technologies LLC, a/k/a WJT, LLC and Wolverine Joining Technologies Inc.s' Answer And Affirmative Defenses To Plaintiff's Verified Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Joseph D. Whelan
Joseph D. Whelan

800838v1