**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **TERRY STANCIL** | : | |
| | : | |
| ***Plaintiff,*** | : | |
| | : | |
| **v.** | : | **C.A. NO. 07-153ML** |
| | : | |
| **WOLVERINE JOINING TECHNOLOGIES LLC, a/k/a WJT, LLC, WOLVERINE JOINING TECHNOLOGIES INC., and KEVIN QUINN, Alias, Individually and in his capacity as Manager** | : | |
| | : | |
| ***Defendants.*** | : | |

**REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANT WOLVERINE JOINING TECHNOLOGIES LLC, A/K/A WJT, LLC, AND WOLVERINE JOINING TECHNOLOGIES INC.'S PETITION OF REMOVAL**

Defendants Wolverine Joining Technologies LLC, a/k/a WJT, LLC, and Wolverine Joining Technologies Inc.,[1] (hereinafter collectively referred to as "Defendant Wolverine"), submit this Reply to Plaintiff's Objection to Defendant Wolverine's Petition for Removal of this action.[2]

## I. INTRODUCTION AND BACKGROUND

On April 12, 2007, Plaintiff Terry Stancil commenced an action against Defendant Wolverine and Defendant Kevin Quinn in the State of Rhode Island Superior Court, Judicial District of Providence County. Plaintiff asserts claims for gender discrimination arising under the Rhode Island Fair Employment Practices Act and the Rhode Island Civil Rights Act, vicarious liability/respondent [*sic*] superior, negligence, and infliction of emotional distress. (*See*

---

[1] As is a matter of public record, Wolverine Joining Technologies, Inc. was acquired by merger by Wolverine Joining Technologies, LLC effective January 28, 2003.

[2] Although the proper vehicle for the argument made by Plaintiff is generally found in a "Motion to Remand," in the instant case, Plaintiff couches such argument in terms of an "objection." As such, Defendant hereby submits a "Reply," as is specified by Local Civil Rule 7.

Docket No. 2). Plaintiff further asserted a claim for "loss of retirement pay, retirement savings, and profit sharing" which are benefits governed by the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. §§ 1001 *et seq. Id.* On May 2, 2007, Defendant timely filed a Notice and Petition of Removal on the basis that this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and this action is one that may be removed to this Court by Defendant Wolverine, pursuant to the provisions of 28 U.S.C. § 1441 *et seq*., in that it is a civil action arising under the laws of the United States (*i.e.*, 29 U.S.C. § 1132(a)(1)(B)). (*See* Docket No. 1).

In response, on May 9, 2007, instead of filing a Motion to Remand the instant case, Plaintiff filed an "Objection" to Defendant Wolverine's Petition of Removal to Federal Court (hereinafter "Initial Objection") seeking the denial of Defendant Wolverine's Petition for Removal and the remand of the instant case "back to State Court." (*See* Docket No. 4). However, as the Initial Objection and accompanying Certification of Service were unsigned by Plaintiff's Counsel and were not dated, on May 10, 2007, the Court issued an Order refusing and returning the Initial Objection to Plaintiff, on that basis. (*See* Docket No. 5). Thereafter, on May 11, 2007, Plaintiff re-filed a properly signed and dated "Objection" to Defendant Wolverine's Petition of Removal to Federal Court (hereinafter "Objection"). (*See* Docket No. 6).

Despite the claim for retirement benefits to which she contend she is entitled set forth in her Complaint, in her Objection, Plaintiff now contends that she does not assert an ERISA "<u>claim.</u>" (*See* Docket No. 6). Plaintiff argues that instead, she is merely asserting a "request for damages,"[3] that permitting removal of the instant case would ultimately result in the "flood[ing]" of the Federal Courts, and that "[t]his case is strictly a claim for discrimination that arises under

[3] It is noteworthy that even if the Court determines that Plaintiff's claim for ERISA benefits is simply "a request for damages," there is no controlling authority in the First Circuit which supports Plaintiff's contention that this mandates the remand of the instant case to State Court.

Rhode Island State law." *Id.* Plaintiff then contends that the case should be remanded back to State Court. *Id.* However, Plaintiff's arguments are unpersuasive and Plaintiff cites to absolutely no authority in support of her position.

Perhaps more importantly, contrary to Plaintiff's assertions, Plaintiff did assert a claim for benefits purportedly due to her under the terms of an ERISA plan in her Complaint. As such, and as will be detailed below, Defendant Wolverine's removal of the instant case is proper and Plaintiff's request for remand should be denied.

## II. <u>ARGUMENT AND CITATION OF AUTHORITY</u>

Plaintiff's attempt to recast the claims set forth in her Complaint in an apparent effort to avoid the federal court's handling of the instant case should not be permitted. Plaintiff has clearly asserted a claim for ERISA benefits in her Complaint and as such Plaintiff's request for remand should be denied.

In that regard, under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). One category of cases of which district courts have original jurisdiction is "federal question" cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Contrary to Plaintiff's assertion, Plaintiff has asserted a claim arising under the laws of the United States through the assertion of her claim for ERISA regulated retirement benefits.

Generally, determining whether a particular case arises under federal law turns on the "well-pleaded complaint rule" in which the court looks to what is plead on the face of a particular complaint. *Aetna Health, Inc. v. Davila,* 542 U.S. 200, at 207, 124 S.Ct. 2488 (2004), *citing Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463

U.S. 1, 9-10, 103 S.Ct. 2841 (1983). A corollary to the well-pleaded complaint rule is the principle that a "plaintiff may not defeat removal by omitting to plead necessary federal questions." *Franchise Tax Bd. of Cal.*, 463 U.S. at 14. In that regard, if a court finds that "a plaintiff has 'artfully pleaded' a claim in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." *Rivet v. Regions Bank of La*., 522 U.S. 470, 475, 118 S.Ct. 821 (1998). In addition, there is a specific exception to the well-pleaded complaint rule referred to as "complete preemption." *Id.* More specifically, "where a claim, though couched in the language of state law, implicates an area of federal law for which Congress intended a particularly powerful preemptive sweep, the cause is deemed federal no matter how pleaded" and thus is properly removed to federal court. *Danca v. Privat Healthcare Systems, Inc.*, 185 F.3d 1, 4 (1st Cir. 1999). This is so because "[w]hen the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Davila*, 542 U.S. at 207, *citing Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8, 123 S.Ct. 2058 (2003). ERISA is one of these statutes. *Id.*

Under the doctrine of complete preemption, ERISA's civil enforcement provisions set forth at 29 U.S.C. § 1132(a) establish federal removal jurisdiction over any state law claims that "in substance seek relief that is otherwise within the scope of those civil remedy provisions." *Hotz v. Blue Cross and Blue Shield of MA, Inc.*, 292 F.3d 57, 59 (1st Cir. 2002), *citing Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66, 107 S.Ct. 1542 (1987). In relevant part, the enforcement mechanisms of ERISA permit a federal action by a plan participant to recover benefits due under the terms of the plan, to enforce rights under the terms of the plan, or to clarify rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). This

provision is straightforward, in that, if an individual believes that benefits to which she is entitled are not provided, she can bring suit seeking provision of those benefits. Similarly, an individual can bring suit generally to "enforce [her] rights" under the plan or to clarify her rights to future benefits. *Davila,* 542 U.S. at 210. In the instant case, Plaintiff has asserted a claim to recover ERISA plan benefits which she contends are due to her (*i.e.*, "retirement pay, retirement savings, and profit sharing"). Based upon the foregoing, there is complete preemption of Plaintiff's claim and removal is proper.[4]

Simply stated, Plaintiff's argument (which is unsupported by any case law or statutory authority) set forth in her Objection that the instant case should be remanded fails. In her Complaint, Plaintiff asserted a claim for ERISA benefits which falls within the scope of ERISA's enforcement provisions. It is well-established that the ERISA civil enforcement mechanism is a provision with such "extraordinary pre-emptive power" that it "converts an ordinary state common law complaint into one stating a federal claim." *Davila,* 542 U.S. at 209, *citing Metropolitan Life Ins. Co.,* 481 U.S. at 65-66. As such, Plaintiff's "floodgates" argument (including her contention that to permit removal in the instant case would somehow mean that "any civil action requesting damages that had any aspect of Federal law overlap would be petitioned for removal from State Court" which in turn would "unduly delay and perhaps prejudice" other removed actions) is unpersuasive. Federal law has provisions in place which prevent the floodgates of litigation from opening.

In addition, Plaintiff's representation in her Objection that "the only question regarding loss of retirement pay, retirement savings, and profit sharing is whether this was a benefit provided to other employees of Wolverine" is disingenuous given that according to her

---

[4] In addition, the Court may exercise supplemental jurisdiction over Plaintiff's remaining claims pursuant to 29 U.S.C. §1367.

Complaint she is actually asking the Court to "order" that she be provided "benefits" that "Plaintiff would have received" from Defendant. (*See* Docket No. 6).

Finally, Plaintiff's representation in her Objection that "[t]his case is strictly a claim for discrimination that arises under Rhode Island State law" is simply false. In that regard, in addition to the claim for ERISA benefits, and Plaintiff's claim of gender discrimination, Plaintiff further asserted claims of "vicarious liability/respondent [*sic*] superior," "negligence," and "infliction of emotional distress," in her Complaint. As with her claim for ERISA benefits, Plaintiff inexplicably seems to disregard and/or attempts to recast such claims in her Objection. Simply stated, Plaintiff's attempt to escape the jurisdiction of this Court should fail.

## III. CONCLUSION

For the reasons detailed herein, Defendant Wolverine respectfully submits that removal of the instant case to this Court was proper and that Plaintiff's "request" for remand to State Court should be denied.

Respectfully submitted this 24th day of May, 2007.

/s/ Suzanne E. Deddish, Esq.
**MARTENSON, HASBROUCK & SIMON LLP**
Patricia E. Simon, Esq.
Georgia Bar No. 618233
Suzanne E. Deddish, Esq.
Georgia Bar No. 215645
3379 Peachtree Road, N.E.
Suite 400
Atlanta, Georgia 30326
(404)-909-8100
(404)-909-8120 (facsimile)
E-mails: pesimon@martensonlaw.com
sededdish@martensonlaw.com

-and-

/s/ Joseph D. Whelan, Esq.

**HINCKLEY ALLEN & SNYDER LLP**
Joseph D. Whelan, Esq.
Rhode Island Bar No. 5694
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903-2319
(401) 274-2000
(401) 277-9600 (facsimile)
E-mail: jwhelen@haslaw.com

***Attorneys for Defendants Wolverine Joining Technologies LLC a/k/a WJT, LLC, and Wolverine Joining Technologies, Inc.***

## CERTIFICATION OF SERVICE

**To:**

Bruce P. Gladstein, Esq.
750 East Avenue
Pawtucket, RI 02860

I hereby certify that on May 24, 2007, a true and correct copy of Defendant Wolverine Joining Technologies LLC, a/k/a WJT, LLC, and Wolverine Joining Technologies Inc.'s (hereinafter "Defendant Wolverine") Reply to Plaintiff's Objection to Defendant Wolverine's Petition of Removal was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may further access this filing through the Court's CM/ECF system.

**MARTENSON, HASBROUCK & SIMON LLP**

/s/ Suzanne E. Deddish, Esq.
Suzanne E. Deddish, Esq.