**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **TERRY STANCIL** | : | |
| | : | |
| ***Plaintiff,*** | : | |
| | : | **C.A. NO. 07-153-ML** |
| **v.** | : | |
| | : | |
| **WOLVERINE JOINING TECHNOLOGIES LLC, a/k/a WJT, LLC WOLVERINE JOINING TECHNOLOGIES INC., and KEVIN QUINN, Alias, Individually and in his capacity as Manager** | : | |
| | : | |
| ***Defendants.*** | : | |

**DEFENDANT KEVIN QUINN'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT**

Defendant Kevin Quinn (hereinafter "Defendant Quinn") responds to Plaintiff's Verified Complaint (hereinafter "Complaint") and states as follows:

## FACTUAL BACKGROUND

1. Defendant Quinn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint and therefore denies each and every allegation contained therein.

2. Defendant Quinn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Complaint and therefore denies each and every allegation contained therein.

3. Defendant Quinn admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Defendant Quinn admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendant Quinn admits that Plaintiff was hired by Defendant Wolverine as a Human Resources Administrator on or about December 19, 2001. Except as so expressly admitted herein, Defendant Quinn denies each and every remaining allegation contained in paragraph 5 of Plaintiff's Complaint.

6. Defendant Quinn admits that Plaintiff told Defendant Quinn that she had allegedly been stalked and threatened. Except as so expressly admitted herein, Defendant Quinn denies each and every remaining allegation contained in paragraph 6 of Plaintiff's Complaint.

7. Defendant Quinn denies each and every allegation contained in paragraph 7 of Plaintiff's Complaint.

8. Defendant Quinn denies each and every allegation contained in Paragraph 8 of Plaintiff's Complaint, as pled.

9. Defendant Quinn admits that in mid to late December 2002, Defendant Quinn informed Plaintiff that a comment referring to her had been written on the men's bathroom wall. Except as so expressly admitted herein, Defendant Quinn denies each and every remaining allegation contained in paragraph 9 of Plaintiff's Complaint.

10. Defendant Quinn denies each and every allegation contained in paragraph 10 of Plaintiff's Complaint.

11. Defendant Quinn admits the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendant Quinn denies each and every allegation contained in Paragraph 12 of Plaintiff's Complaint, as pled.

13. Defendant Quinn admits Defendant Wolverine promptly repainted the bathroom wall. Except as so expressly admitted herein, Defendant Quinn denies each and every remaining allegation contained in paragraph 13 of Plaintiff's Complaint.

14. Defendant Quinn denies each and every allegation contained in paragraph 14 of Plaintiff's Complaint.

15. Defendant Quinn denies each and every allegation contained in paragraph 15 of Plaintiff's Complaint.

16. Defendant Quinn admits that in December of 2003, Plaintiff told Mr. Jordan that Mr. Quinn had purportedly yelled at her. Defendant Quinn is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of Plaintiff's Complaint and therefore denies each and every remaining allegation contained therein.

17. Defendant Quinn admits that Defendant Quinn and Mr. Jordan met and that Plaintiff was discussed during the course of the meeting. Except as so expressly admitted herein, Defendant Quinn denies each and every remaining allegation contained in paragraph 17 of Plaintiff's Complaint.

18. Defendant Quinn admits that Mr. Quinn recommended that Plaintiff be terminated for performance issues and that the decision was made not to do so, at that time. Except as so expressly admitted herein, Defendant Quinn denies each and every remaining allegation contained in paragraph 18 of Plaintiff's Complaint.

19. Defendant Quinn denies each and every allegation contained in paragraph 19 of Plaintiff's Complaint.

20. Defendant Quinn denies each and every allegation contained in paragraph 20 of Plaintiff's Complaint.

21. Defendant Quinn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's Complaint and therefore denies each and every allegation contained therein.

22. Defendant Quinn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's Complaint and therefore denies each and every allegation contained therein.

23. Defendant Quinn denies each and every allegation contained in paragraph 23 of Plaintiff's Complaint.

24. Defendant Quinn admits that on or about November 30, 2004, Plaintiff commenced a period of leave from work. Except as so expressly admitted herein, Defendant Quinn each and every remaining allegation contained in paragraph 24 of Plaintiff's Complaint.

25. Defendant Quinn admits the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendant Quinn admits that Plaintiff filed a charge of discrimination with the Rhode Island Commission for Human Rights (hereinafter "RICHR") on or about July 12, 2005. Defendant Quinn denies that Plaintiff's RICHR charge has any merit, and denies the remaining allegations contained in paragraph 26 of Plaintiff's Complaint, as pled.

27. Defendant Quinn admits that on February 8, 2007, the RICHR issued a Notice of Right to Sue for RICHR No. 06ESH010 upon Plaintiff's request. Except as so expressly admitted herein, Defendant Quinn denies each and every remaining allegation contained in paragraph 27 of Plaintiff's Complaint.

28. Defendant Quinn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Complaint and therefore denies each and every allegation contained therein.

**COUNT I**
**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT**

29. Defendant Quinn re-alleges and incorporates the answers to paragraphs 1 through 28 of Plaintiff's Complaint as if fully set forth herein.

30. Defendant Quinn denies each and every allegation contained in paragraph 30 of Plaintiff's Complaint.

31. Defendant Quinn denies each and every allegation contained in paragraph 31 of Plaintiff's Complaint.

32. Defendant Quinn denies each and every allegation contained in paragraph 32 of Plaintiff's Complaint.

**COUNT II**
**RHODE ISLAND CIVIL RIGHTS ACT**

33. Defendant Quinn re-alleges and incorporates the answers to paragraphs 29 through 32 of Plaintiff's Complaint as if fully set forth herein.

34. Defendant Quinn admits that he is subject to the Rhode Island Civil Rights Act, R.I.G.L. 42-112-1, *et. seq.* Defendant Quinn is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34 of Plaintiff's Complaint and therefore denies each and every remaining allegation contained therein.

35. Defendant Quinn denies each and every allegation contained in paragraph 35 of Plaintiff's Complaint.

36. Defendant Quinn denies each and every allegation contained in paragraph 36 of Plaintiff's Complaint.

**COUNT III**
**VICARIOUS LIABILITY/RESPONDENT [*sic*] SUPERIOR**

37. Defendant Quinn re-alleges and incorporates the answers to paragraphs 33 through 36 of Plaintiff's Complaint as if fully set forth herein.

38. Defendant Quinn admits that he was employed by Defendant Wolverine and/or its predecessor(s) from approximately October 1981 through mid-December 2004. Except as so expressly admitted herein, Defendant Quinn denies each and every remaining allegation contained in paragraph 38 of Plaintiff's Complaint.

39. Defendant Quinn admits that he was employed by Defendant Wolverine. Except as so expressly admitted herein, Defendant Quinn denies each and every remaining allegation contained in paragraph 39 of Plaintiff's Complaint, as pled.

40. Defendant Quinn denies each and every allegation contained in paragraph 40 of Plaintiff's Complaint.

**COUNT IV**
**NEGLIGENCE**

41. Defendant Quinn re-alleges and incorporates the answers to paragraphs 37 through 40 of Plaintiff's Complaint as if fully set forth herein.

42. Defendant Quinn admits the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Defendant Quinn denies each and every allegation contained in paragraph 43 of Plaintiff's Complaint.

44. Defendant Quinn denies each and every allegation contained in paragraph 44 of Plaintiff's Complaint.

45. Defendant Quinn denies each and every allegation contained in paragraph 45 of Plaintiff's Complaint.

46. Defendant Quinn denies each and every allegation contained in paragraph 46 of Plaintiff's Complaint.

## COUNT V
## INFLICTION OF EMOTIONAL DISTRESS

47. Defendant Quinn re-alleges and incorporates the answers to paragraphs 41 through 46 of Plaintiff's Complaint as if fully set forth herein.

48. Defendant Quinn denies each and every allegation contained in paragraph 48 of Plaintiff's Complaint.

49. Defendant Quinn denies each and every allegation contained in paragraph 49 of Plaintiff's Complaint.

50. Defendant Quinn denies each and every allegation contained in paragraph 50 of Plaintiff's Complaint.

51. Defendant Quinn denies each and every allegation contained in paragraph 51 of Plaintiff's Complaint.

52. Defendant Quinn denies each and every allegation contained in paragraph 52 of Plaintiff's Complaint.

Specifically responding to the "WHEREFORE" paragraph of Plaintiff's Complaint, no response is necessary. However, to the extent a response is necessary, Defendant Quinn denies that Plaintiff is entitled to any relief from Defendant Quinn, including but not limited to, that

specific relief requested in Plaintiff's Complaint.

**FIRST DEFENSE**

Plaintiff's Complaint, and each cause of action therein, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's Complaint, and each cause of action therein, is barred, in whole or in part, by the applicable statutes of limitations.

**THIRD DEFENSE**

Plaintiff was at all times at at-will employee.

**FOURTH DEFENSE**

Plaintiff's Complaint, and each cause of action set forth therein, fails to state a claim for punitive damages.

**FIFTH DEFENSE**

All actions taken by Defendant Quinn with respect to Plaintiff were taken in good faith and for legitimate, non-discriminatory reasons.

**SIXTH DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted because some or all of the damages claimed by Plaintiff were brought about by reason of Plaintiff's own acts, actions or negligence.

**SEVENTH DEFENSE**

Plaintiff's Complaint is barred, in whole or in part, by the exclusivity of remedies provision of the state workers' compensation laws.

**EIGHTH DEFENSE**

Assuming, *arguendo*, that Plaintiff has stated a case of hostile work environment harassment, Defendant Wolverine exercised reasonable care to prevent and correct promptly any alleged harassing behavior, and Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities offered by Defendant Wolverine or to avoid harm otherwise.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of laches, unclean hands, estoppel, waiver, avoidable consequences and/or after-acquired evidence.

**TENTH DEFENSE**

Plaintiff’s claims are barred, in whole or in part, by the doctrine of election of remedies.

**ELEVENTH DEFENSE**

Plaintiff’s Complaint must be dismissed to the extent that Plaintiff has failed to fully exhaust her administrative remedies.

**TWELFTH DEFENSE**

Plaintiff’s Complaint, and each cause of action set forth therein, is barred, in whole or in part, due to Plaintiff’s failure to mitigate any alleged damages. In the alternative, to the extent Plaintiff has mitigated any alleged damages, Defendant Quinn is entitled to a set-off for any interim earnings, benefits or other income.

Defendant Quinn reserves the right to supplement his defenses based upon information obtained through discovery.

WHEREFORE, having fully answered the Complaint, Defendant Quinn prays that Plaintiff's Complaint be dismissed in its entirety with prejudice, that judgment be entered in favor of Defendant Quinn, that costs, including attorneys' fees, be awarded to Defendant Quinn, and that such other and further relief as the Court deems just and proper be granted to Defendant Quinn.

Respectfully submitted this 6th day of June, 2007.

/s/ Suzanne E. Deddish
**MARTENSON, HASBROUCK & SIMON LLP**
Patricia E. Simon, Esq.
Georgia Bar No. 618233
Suzanne E. Deddish, Esq.
Georgia Bar No. 215645
3379 Peachtree Road, N.E.
Suite 400
Atlanta, Georgia 30326
(404)-909-8100
(404)-909-8120 (facsimile)
E-mails: pesimon@martensonlaw.com
sededdish@martensonlaw.com

-and-

/s/ Joseph D. Whelan
**HINCKLEY ALLEN & SNYDER LLP**
Joseph D. Whelan, Esq.
Rhode Island Bar No. 5694
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903-2319
(401) 274-2000
(401) 277-9600 (facsimile)
E-mail: jwhelen@haslaw.com

***Attorneys for Defendants Wolverine Joining Technologies LLC a/k/a WJT, LLC, Wolverine Joining Technologies, Inc. and Kevin Quinn***

**CERTIFICATION OF SERVICE**

**To:**

Bruce P. Gladstein, Esq.
750 East Avenue
Pawtucket, RI 02860

I hereby certify that on June 6, 2007, a true and correct copy of Defendant Kevin Quinn's Answer and Affirmative Defenses to Plaintiff's Verified Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may further access this filing through the Court's CM/ECF system.

**MARTENSON, HASBROUCK & SIMON LLP**

/s/ Suzanne E. Deddish, Esq.
Suzanne E. Deddish, Esq.